1
2
3
4
5
6
7
8     # UNITED STATES DISTRICT COURT
9     ## EASTERN DISTRICT OF CALIFORNIA
10
11    LAWRENCE DORSEY,                          1:06-cv-00765-AWI-SMS (PC)

                          Plaintiff,            FINDINGS AND RECOMMENDATIONS
12                                              RECOMMENDING PLAINTIFF'S MOTIONS
                                                FOR PRELIMINARY INJUNCTIVE RELIEF
13          v.                                  BE DENIED

14    COSTA, et. al.,
                                                (Doc. 1)
15                        Defendants.
      _____/
16

17          Lawrence Dorsey ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis

18    in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 16, 2006, plaintiff filed his

19    original complaint.  On page five of his original complaint, plaintiff requests the Court issue a

20    "Protection Order" to guard against possible retaliation by prison staff.  The Court interprets this

21    page of the original complaint as a motion by plaintiff for preliminary injunctive relief.

22          The purpose of a preliminary injunction is to preserve the status quo if the balance of

23    equities so heavily favors the moving party that justice requires the court to intervene to secure

24    the positions until the merits of the action are ultimately determined.  University of Texas v.

25    Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who

26    "demonstrates either (1) a combination of probable success and the possibility of irreparable

27    harm, or (2) that serious questions are raised and the balance of hardship tips in its favor."

28    Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either

                                              1

1  approach the plaintiff "must demonstrate a significant threat of irreparable injury." <u>Id</u>.  Also, an

2  injunction should not issue if the plaintiff "shows no chance of success on the merits." <u>Id</u>.  At a

3  bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or

4  questions serious enough to require litigation." <u>Id</u>.

5       Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court

6  must have before it an actual case or controversy.  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95,

7  102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of

8  Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); <u>Jones v. City of Los

9  Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or

10  controversy before it, it has no power to hear the matter in question.  <u>Id</u>.  "A federal court may

11  issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction

12  over the claim; it may *not* attempt to determine the rights of persons not before the court."

13  <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis

14  added).

15       In a separate order issued concurrently with this Findings and Recommendations, the

16  Court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon

17  which relief may be granted under section 1983.  Thus, at this point in time, there is no case or

18  controversy before the Court, and the Court has no jurisdiction to issue any preliminary

19  injunctions.  Until and unless the Court finds that plaintiff has stated cognizable claims for relief

20  under section 1983, and the defendants against whom the claims are stated have been served and

21  made an appearance in this action, the Court will not have jurisdiction to issue any orders

22  awarding the relief plaintiff seeks.

23       Further, plaintiff is cautioned that "a preliminary injunction is an extraordinary and

24  drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the

25  burden of persuasion."  <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and

26  citations omitted) (emphasis in original).  Even if plaintiff's complaint had been found to state

27  cognizable claims for relief, and one or more defendants had already appeared in this action,

28  plaintiff did not meet his burden as the moving party and would not be entitled to the relief he

1   seeks.

2        Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motions for

3   preliminary injunctive relief, contained on page five of his complaint, filed June 16, 2006, be

4   DENIED.

5        These Findings and Recommendations will be submitted to the United States District

6   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

7   **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file

8   written objections with the Court.  The document should be captioned "Objections to Magistrate

9   Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

10  within the specified time may waive the right to appeal the District Court's order.  Martinez v.

11  Ylst, 951 F.2d 1153 (9th Cir. 1991).

12

13  IT IS SO ORDERED.

14  **Dated:    April 29, 2008           /s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28