# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE DORSEY, | 1:06-cv-00765-AWI-SMS (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| COSTA, et. al., | (Doc. 1) |
| Defendants. | |

**I.  SCREENING ORDER**

Lawrence Dorsey ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on June 16, 2006.

**A.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.     Summary of Plaintiff's Complaint**

Plaintiff is a state prisoner at Mule Creek State Prison – where the acts he complains of occurred. Plaintiff names Correctional Officer N. Costa and Correctional Lieutenant T. Gutierrez as defendants. Plaintiff alleges that: on February 2, 2005, he and another inmate were "trash talking" while playing dominoes; plaintiff approached the other inmate and made punching motions in the air, but did not hit the other inmate; that C.O. Costa filed a false rules violation report alleging plaintiff punched the other inmate in the face; that as a result, Lt. Gutierrez found plaintiff guilty of "behavior which could lead to violence" such that plaintiff lost fifteen days of behavioral credit and ten days of yard privileges while all charges against the other inmate were dropped. Plaintiff seeks monetary damages and a protective order to prevent prison personnel from retaliating against him as a result of filing this suit.

**C.     Pleading Requirements**

**1.** *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.

Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### 2. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named

3

defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### D. Claims for Relief

#### 1. *Procedural Due Process – False Rules Violation Report*

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

When a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff v. McDonnell,

1  418 U.S. 539, 563-70 (9th Cir. 1974); see also Superintendent v. Hill 472 U.S. 445, 454 (1985);
2  Neal v. Shimoda, 131 F.3d 818, 830-31 (9th Cir. 1997); Walker v. Sumner, 14 F.3d 1415, 1419-
3  20 (9th Cir. 1994); McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir. 1986).

4  "When prison officials limit a prisoner's right to defend himself they must have a
5  legitimate penological interest." Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992) (per
6  curiam) (concluding that prisoners do not have a right to have an independent drug test
7  performed at their own expense). The right to call witnesses may legitimately be limited by "the
8  penological need to provide swift discipline in individual cases . . . [or] by the very real dangers
9  in prison life which may result from violence or intimidation directed at either other inmates or
10 staff." Ponte v. Real, 471 U.S. 491, 495 (1985); see also Mitchell v. Dupnik, 75 F.3d 517, 525
11 (9th Cir. 1996); Koenig, 971 F.2d at 423; Zimmerlee v. Keeney, 831 F.2d 183, 187-88 (9th Cir.
12 1987)(per curiam).

13 "[T]he requirements of due process are satisfied if some evidence supports the decision
14 by the prison disciplinary board . . . ." Hill, 472 U.S. at 455; see also Touissaint v. McCarthy,
15 926 F.2d 800, 802-03 (9th Cir. 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989);
16 Jancsek, III v. Oregon bd. Of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); Cato v. Rushen, 824
17 F.2d 703, 705 (9th Cir. 1987); see especially Burnsworth v. Gunderson, 179 F.3d 771, 774-74 (9th
18 Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrate existence of
19 liberty interest.)

20 However, the "some evidence" standard does not apply to original rules violation report
21 where a prisoner alleges the report is false. Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997).

22 The results of plaintiff's inmate appeal(s) cannot give rise to any claims for relief under
23 section 1983. Plaintiff's only claim(s) against Lt. Gutierrez appear based on a finding of
24 plaintiff's guilt of "behavior which could lead to violence." Thus, plaintiff fails to state a
25 cognizable claim against Lt. Gutierrez.

26 Plaintiff alleges that C.O. Costa falsely charged plaintiff with punching another inmate in
27 the face. Therefore, per Hines, plaintiff may be able to state a cognizable claim against C.O.
28 Costa for violation of his procedural due process rights.

However, plaintiff indicates that he was assessed fifteen days loss of behavioral credit and ten days loss of yard privileges. (Doc. 1, pg. 4.) Inmates do have a liberty interest in the loss of their time credits. Sandin, 515 U.S. at 477-78 (citing with approval Wolff, 418 U.S. at 557 (state-created interest in shortened prison sentence is an interest of "real substance")). However, where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). Because the punishment imposed at the disciplinary hearing affects the duration of plaintiff's sentence, plaintiff's due process claim is barred until such time as plaintiff invalidates the result of the disciplinary hearing.

### 2. *Supervisorial Liability*

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

1    Plaintiff named Lt. Gutierrez and alleges violation of his constitutional rights based on Lt.
2    Gutierrez finding plaintiff guilty of "behavior which could lead to violence" while dropping all
3    charges against the other inmate involved in the incident.  These allegations fail to show that Lt.
4    Gutierrez personally participated in the alleged deprivation of constitutional rights; knew of the
5    violations and failed to act to prevent them; or promulgated or "implemented a policy so
6    deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force
7    of the constitutional violation.'"  Hansen v. Black at 646.  Thus, plaintiff has failed to state a
8    cognizable claim against Lt. Gutierrez.

## II.  CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is advised that it is inappropriate to attach exhibits to a complaint.  See Rule 8, Federal Rules of Civil Procedure.  Further, the Court cannot serve as a repository for the parties' evidence.  Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court).  At this point, the submission of evidence is premature as the plaintiff is only required to state a prima facie claim for relief.  Thus, in amending his complaint, plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

7

complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

      Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff must file an amended complaint curing the deficiencies identified by the court in this order; and
4. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   April 29, 2008**              /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE